# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMAN ADRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 04-1100-JTM |
| | ) |
| UNIFIED SCHOOL DISTRICT NO. 259, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for (1) a protective order and (2) an order for inspection and reproduction of medical and employment records. (Doc. 18). Plaintiff, pro se, opposes the motion. For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

## Background

Highly summarized, plaintiff alleges that defendant violated the Americans with Disabilities Act and then retaliated when she filed an administrative complaint. Specifically, plaintiff contends she was transferred to a new job within the school district in January 2003 and, because of her disability, required accommodations which defendant refused to provide. She also contends that defendant terminated her in retaliation for filing an ADA complaint.

Defendant alleges that plaintiff was terminated for insubordination after failing to report for work at her assigned school.   Defendant also asserts that plaintiff is not a "qualified individual with a disability" as defined by the ADA and that plaintiff filed her ADA claim after being told that she would be disciplined for insubordination.

## Motion for Protective Order

During the Rule 26 planning meeting defendant proposed that the parties enter an agreed protective order to limit the disclosure of confidential documents such as personnel and medical records.   Plaintiff declined defendant's proposal.   The matter was discussed again during the scheduling conference and plaintiff agreed to give the matter further consideration. However, plaintiff continues in her declination to enter an agreed order and also opposes defendant's motion for a protective order.   As explained below, defendant's motion for a protective order concerning *plaintiff's* personnel and medical records shall be denied; however, defendant's request for a protective order concerning its other employees shall be granted.

As a preliminary matter, the court finds that good cause has been shown that the employment and medical records contain information which may subject plaintiff and defendant's employees to annoyance and/or embarrassment.   Fed. R. Civ. P. 26(c).   The protective order proposed by defendant is common in employment litigation and designed to expedite the production of information while still preserving the privacy of employment and medical records pending further order of the court.   Plaintiff's opposition to this motion,

particularly concerning her own medical records, is unusual.  The court assumes that plaintiff's opposition is based, at least in part, on her lack of legal experience with discovery matters and protective orders.

Plaintiff argues that this motion should be summarily denied because there is no "certification" that the movant has in good faith conferred or attempted to confer with plaintiff to resolve the dispute without court action.  Fed. R. Civ. P. 26(c).  This is an argument of form over substance which the court rejects.   Defendant's motion contains a lengthy recitation of its efforts to resolve this dispute without court involvement and defendant's failure to use the term "certification" is of no material significance.

Plaintiff contends that defendant has no standing to seek a protective order concerning her medical records.  This argument is misguided and incorrect.  Medical providers are limited in the disclosure of medical records by the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations.   One of the methods by which a requesting party may secure medical records is by (1) issuing a subpoena to the medical provider (45 C.F.R. § 164.512(e)(1)(ii)) *and* (2) showing that "the party seeking the protected health information has requested a qualified protective order from such court." (45C.F.R. § 164.512(e)(1)(iv)(B). Clearly, the referenced HIPAA regulations grant defendant standing to seek a protective order concerning plaintiff's medical records.

Plaintiff also argues that the protective order imposes a hardship and undue burden on her because the order prevents "consultation with attorneys or discussions with others of knowledge."   This argument is not persuasive because, under the terms of the proposed

– 3 –

protective order, confidential information may be shared with an attorney or consultant so long as the person agrees in writing to be bound by the protective order.

Finally, plaintiff asserts that there is no need for a protective order concerning defendant's *other employees* because she "does not plan to seek employee records." However, this argument does not address employee information which *defendant* may find necessary to produce in support of its defense.[1]   The court is satisfied that defendant has made a sufficient showing for the entry of a protective order for personnel and medical records concerning its other employees and that portion of the motion shall be granted.

Although plaintiff's arguments are not persuasive, the fact remains that she opposes the entry of a protective order concerning *her* employment and medical records.   The court is of the opinion that such a position is ill-advised.   However, because the proposed order seeks to protect the disclosure of *plaintiff's* medical and/or personnel records and *she opposes the protections afforded by the order*, the court will deny that portion of the motion.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order

---

[1]   Fed. Rule Civ. P. 26(a)(1) imposes a duty on defendant to produce a copy of, or a description by category and location, of all documents that the defendant may use to support its claims or defenses.  Defendant is also under a duty to supplement its disclosures under Rule 26(e) if it learns that its initial disclosures are incomplete or incorrect.

concerning plaintiff's medical and personnel records is **DENIED.**[2]

**IT IS FURTHER ORDERED** that defendant's motion for a protective order concerning its other employees is **GRANTED.** Defendant shall submit a revised protective order consistent with the rulings herein by **May 18, 2005.**

### Motion for Inspection and Reproduction of Medical and Employment Records

Defendant moves for an order directing health care providers and employers to release medical and employment records concerning plaintiff for inspection and copying. In support of its motion, defendant argues that such an order is frequently approved by this court because the order is faster and cheaper than the issuance of subpoenas. Plaintiff opposes the motion, arguing: (1) there is no authority for such an order in the federal rules of civil procedure and (2) she will get copies of the documents directly from her doctors if served with a document request under Fed. R. Civ. P. 34, and (3) if defendant is not satisfied with her production, the proper course of action is for defendant to issue subpoenas under Fed. R. Civ. P. 45.[3]

_____

[2]    Although the court denies the motion with respect to plaintiff, defendant has satisfied the requirements of 45 C.F.R. § 164.512(e)(1)(iv)(B) by *requesting* a protective order. A copy of this ruling may be attached to any subpoena served by defendant on health care providers.

[3]    With respect to employment records, plaintiff contends that she has been employed by defendant for the past 11 years; therefore, defendant already has access to the majority of her employment records. The employment documents not in defendant's possession relate to two months of part-time employment with Dean and DeLuca. Plaintiff's medical records are at the Wichita Clinic.

Defendant counters that it is entitled to secure the medical records directly from plaintiff's doctors in order to assure accuracy and completeness.

Defendant is correct in its assertion that orders directing employers and/or medical providers to make their records available for inspection and copying are frequently entered by this court and that such orders expedite access to the records. However, defendant overlooks an important distinction: such orders are approved based on the parties' agreement.[4]   In this case, there is no such agreement. Moreover, plaintiff is expressing a willingness to provide the relevant documents if served with a request for the production of documents under Fed. R. Civ. P. 34. Defendant cites no authority for the issuance of an order compelling plaintiff to execute a release when she is cooperating and attempting in good faith to produce the requested documents.[5]

---

[4]

Fed. R. Civ. P. 29 permits the parties (with certain limits not applicable to the current situation) to enter into written stipulations modifying the procedures governing discovery. Although styled as an order, the stipulated agreement is similar to an authorization for the release of information.

[5]

Fed. Rule Civ. P. 34(a) imposes a duty on parties to produce requested documents within their possession, custody, or control when responding to a request for production. "The federal courts have universally held that documents are deemed to be within the possession, custody, or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or has the legal right to obtain the documents on demand.*" National Union Fire Ins. Co. v. Midland Bancor, Inc., 159 F.R.D. 562, 566 (D. Kan. 1994)(quoting RTC v. Deloitte & Touche, 145 F.R.D. 108, 110 (D. Colo. 1992). Defendant has failed to establish that plaintiff (1) has the legal right to obtain the documents on demand and (2) is otherwise refusing to produce the requested documents under Rule 34. Indeed, there is no indication that defendant has even served document requests under Rule 34.

Defendant also argues that it is not required to rely on plaintiff's production and is entitled to secure the medical records directly from plaintiff's doctors.   The court agrees. Once again, however, absent an agreement between the parties, defendant must issue subpoenas to the medical providers and employers under Fed. R. Civ. P. 45 in order to compel production.[6]

Although the court will not order plaintiff to execute the proposed order, plaintiff is admonished that her refusal to sign the agreed order is unusual.   Plaintiff is cautioned that costs may be assessed against her if she loses this case and she may be unwittingly increasing the costs of litigation by standing on procedural technicalities rather than agreeing to practical approaches to the gathering and exchange of information.

**IT IS THEREFORE ORDERED** that defendant's motion for production of medical and employment records is **DENIED.**

---

[6]

Fed. R. Civ. P. 45 was amended in 1991 to facilitate the production of documents from persons who are not parties without the need for a deposition.  Under the current version of Rule 45, defendant may subpoena the documents without requiring the attendance of a person.  While a Rule 45 subpoena for documents certainly takes more time than production under defendant's proposed order, it is less than clear that the subpoena process is more expensive.

**IT IS FURTHER ORDERED** that defendant may proceed, after providing timely notice to plaintiff, with the issuance of subpoenas to her medical providers.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of May 2005.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge